Prob 12C
TNMP (11/2018)

# UNITED STATES DISTRICT COURT
## for
## Middle District of Tennessee

## Third Superseding Petition for Warrant for Offender on Supervision
### [Supersedes Petition filed as Docket Entry No. 61]

| | |
|---|---|
| Name: Savion Jackson-Spencer | Docket Number: 3:21CR00052-001 |

Name of Current Judicial Officer: The Honorable William L. Campbell, Jr., Chief U.S. District Judge

Date of Original Sentence: November 9, 2021

Original Offense: 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute Marijuana; 18 U.S.C. § 922(g)(3) Possession of Firearms by an Unlawful User of a Controlled Substance or Addict; 18 U.S.C. §924(c)(1)(A) Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Original Sentence: 65 months' custody followed by 3 years' term of supervised release

| | |
|---|---|
| Type of Supervision: Supervised release | Date Supervision Recommenced: November 29, 2024 |
| Assistant U.S. Attorney: Rob McGuire | Defense Attorney: Meggan B. Sullivan |

### PETITIONING THE COURT

☐ To Issue a Summons
☐ To Issue a Warrant
☒ To Consider Additional Violations\Information

The Court Orders:
☐ No Further Action at this Time
☐ The Issuance of a Summons
☐ The Issuance of a Warrant
    ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☒ The Consideration of Additional Violations and/or Information
☐ Other

Considered, this 12th day of November, 2025, and made part of the record in the above case.

_____
The Honorable William L. Campbell, Jr.
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted this 12th day of November, 2025.

_____
Tori Siciliano
U.S. Probation Officer

Place: Nashville, TN

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as Docket Entry **61**, has been amended as follows:

<u>Violation No. 1</u> – amended to report unemployment status.

<u>Violation No. 5</u> – amended to reflect additional noncompliance with drug testing.

<u>Compliance with Supervision Conditions and Prior Interventions</u> - updated.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **Violation No.** | **Nature of Noncompliance** |
|---|---|
| 1. | **You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.** |
| | Since starting supervision in November of 2024, Mr. Jackson-Spencer has not maintained any full or part-time employment. The probation officer has provided Mr. Jackson-Spencer with multiple employment resources. **Mr. Jackson-Spencer is currently unemployed.** |
| 2. | **You shall participate in a mental health program as directed by the United States Probation Office. You shall pay all or part of the cost of mental health treatment if the United States Probation Office determines you have the financial ability to do so or has appropriate insurance coverage to pay for such treatment.** |
| | Mr. Jackson-Spencer was referred to On Your Mind Counseling for mental health and substance abuse treatment and completed an evaluation on December 23, 2024, when he was referred for weekly sessions. Mr. Jackson-Spencer has missed or cancelled the following appointments with On Your Mind Counseling: |
| | January 8, 2025 – no show<br>January 20, 2025 – cancelled and rescheduled<br>January 21, 2025 – no show<br>January 22, 2025 – cancelled<br>February 19, 2025 – cancelled<br>February 27, 2025 – no show<br>March 5, 2025 – no show<br>March 19, 2025 – no show<br>April 30, 2025 – cancelled<br>July 3, 2025 – late cancel<br>October 2, 2025 – no show |

        October 21, 2025 – no show

        Mr. Jackson-Spencer has utilized all his unexcused absences and is at risk of being unsuccessfully discharged from treatment with On Your Mind Counseling if he misses any additional appointments.

**3.**     **<u>You must follow the instructions of the probation officer related to the conditions of supervision.</u>**

        On April 12, 2025, Mr. Jackson-Spencer attended a resource fair hosted by the probation office, at the suggestion of the undersigned officer. At the fair, Mr. Jackson-Spencer was introduced to a representative at Uprise and was given contact information to contact the representative for employment. Mr. Jackson-Spencer was instructed to email the representative and officer with his information so employment could be initiated. Following the resource fair, the officer reminded Mr. Jackson-Spencer to send the email on two different occasions, which he failed to do.

**4.**     **<u>You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.</u>**

        On December 2, 2024, and July 7, 2025, Mr. Jackson-Spencer submitted a urinalysis that tested positive for marijuana, and he admitted using.

        On September 11, 2025, Mr. Jackson-Spencer submitted a urinalysis that tested positive for marijuana. The results were confirmed positive by the lab.

        On October 9, 2025, Mr. Jackson-Spencer submitted a urinalysis that tested positive for marijuana and admitted using less than two weeks prior.

**5.**     **<u>You shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the United States Probation Office. You shall pay all or part of the cost for substance abuse treatment if the United States Probation Office determines you have the financial ability to do so or has appropriate insurance coverage to pay for such treatment.</u>**

        Mr. Jackson-Spencer failed to report for drug testing on August 28, 2025. Upon reviewing the formal drug testing program's call logs, it was discovered that Mr. Jackson-Spencer was calling in approximately once per week, rather than every Sunday through Thursday as instructed.

        **Mr. Jackson-Spencer failed to report for drug testing on November 10, 2025.**

**<u>Compliance with Supervision Conditions and Prior Interventions:</u>**

Mr. Jackson-Spencer began his term of supervised release on November 29, 2024, and he is due to terminate supervision on November 28, 2027. Mr. Jackson-Spencer **is unemployed**.

On December 4, 2024, Mr. Jackson-Spencer was referred for a mental health evaluation and mental health treatment with On Your Mind Counseling. On December 23, 2024, Mr. Jackson-Spencer completed a mental health assessment, and it was recommended that he attend weekly mental health and substance abuse individual therapy sessions. Mr. Jackson-Spencer's attendance with appointments have been inconsistent, and he is now at risk of being terminated from treatment. He has used 1 of his 3 unexcused absences.

On December 10, 2025, the officer provided Mr. Jackson-Spencer with a resource for the Davidson County Legal Clinic to assist him with obtaining his license.

On December 20, 2024, the undersigned officer informed the court of the non-compliance of a positive drug screen, and no action was taken.

On February 20, 2025, the officer sent Mr. Jackson-Spencer employment resources for Tyson Foods and Restaurant Depot.

On March 25, 2025, Mr. Jackson-Spencer's mother informed the probation officer that Mr. Jackson-Spencer lost his state ID. The officer promptly sent Mr. Jackson-Spencer's mother a picture of Mr. Jackson-Spencer's valid ID so that he could use the ID number to request a new copy.

On June 30, 2025, the officer spoke with Mr. Jackson-Spencer about his failure to gain employment. Mr. Jackson-Spencer reported that he is very irritable and does not plan to work more than three or four hours a day. He would like to own his own business, so he doesn't have to work often. The officer conferred with Mr. Jackson-Spencer's counselor at On Your Mind Counseling, who stated that Mr. Jackson-Spencer's mental health should not inhibit him from working at this time.

On July 7, 2025, Mr. Jackson-Spencer reported in on a summons for the supervised release violations alleged in this petition. While waiting for his initial appearance, Mr. Jackson-Spencer was reportedly telling several employees that he needed a new probation officer, and he was loudly telling other clients in the lobby that his probation officer "sets him up." The undersigned officer spoke with Mr. Jackson-Spencer and asked how the probation office could further assist him with his supervision requirements. Mr. Jackson-Spencer stated that this probation officer should have used her "connections" to obtain him a new ID. The officer explained that he has a valid ID and needed to simply request a copy of the ID.

On July 9, 2025, On Your Mind Counseling informed the probation officer that Mr. Jackson-Spencer wanted to cancel his psychiatric intake appointment. The officer informed On Your Mind Counseling that Mr. Jackson-Spencer is required to participate in mental health treatment, and the appointment was rescheduled to July 15, 2025, which Mr. Jackson-Spencer attended. On Your Mind Counseling recommended that Mr. Jackson-Spencer attend weekly mental health and substance abuse individual therapy sessions and complete a psychiatric evaluation. Mr. Jackson-Spencer completed a psychiatric intake on July 17, 2025, and was recommended to start Propranolol for anxiety disorder and continue with weekly counseling.

On September 24, 2025, Mr. Jackson-Spencer appeared before the court for a revocation hearing. Although Mr. Jackson-Spencer requested to serve the rest of his time on supervised release in custody, all parties agreed that the hearing should be continued for approximately 60 days so that Mr. Jackson-Spencer could cease marijuana use, be compliant with substance abuse treatment, and continue working.

**On November 6, 2025, the officer instructed Mr. Jackson-Spencer to provide employment verification for September and October. Mr. Jackson-Spencer advised he lost his job at Allied Crawford "approximately two weeks before his last hearing date" because of transportation issues. The officer asked why Mr. Jackson-Spencer did not report this to the officer or the court at the time**

**of the hearing, and he stated because he was welcomed back at Allied Crawford when he could find transportation, but transportation has been too complicated. The officer provided Mr. Jackson-Spencer with several job leads in walking distance from his home. The officer also instructed Mr. Jackson-Spencer to email his resume so that the officer could assist him with editing it for optimal traction with future employers. As of November 12, 2025, Mr. Jackson-Spencer verified he applied at Kroger, but has not sent any further job applications or utilized the officer's services with resume building.**

**Update of Offender Characteristics:**

There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that the additional violation and information be considered at Mr. Jackson-Spencer's revocation hearing currently scheduled for November 20, 2025.

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. SAVION JACKSON-SPENCER CASE NO. 3:21CR00052-001

**GRADE OF VIOLATION:**      C
**CRIMINAL HISTORY:**        I

**ORIGINAL OFFENSE DATE**:   POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | **Statutory Provisions** | **Guideline Provisions** | **Recommended Sentence** |
|---|---|---|---|
| **Custody:** | **5 years** (Class A felony) *18 U.S.C. § 3583(e)(3)* | **3-9 months** *U.S.S.G. § 7B1.4(a)* | **3 months** |
| **Supervised Release:** | **Not more than 5 years less any term of imprisonment** *18 U.S.C. § 3583(h)* | **2-5 years** *U.S.S.G § 5D1.2(a)(2)* | **2 years 9 months** |

**Statutory Provisions:**
Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

Under 18 U.S.C. § 3583(g)(3) if the defendant refuses to comply with drug testing imposed as a condition of supervised release; the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:**
U.S.S.G. § 7B1.1(a)(3) Grade C Violations - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7B1.3(a)(2) Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Approved:

_Abigail Smith_
Abby Smith
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Savion Jackson-Spencer

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:21CR00052 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 11 / 9 / 2021
                                     month / day / year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Work full time | C |
| Participate in mental health treatment | C |
| Follow instructions of probation officer | C |
| Refrain from illegal drug use | C |
| Comply with drug testing | C |
| | |
| | |
| | |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — C

9. **Criminal History Category** *(see §7B1.4(a))* — I

10. **Range of Imprisonment** *(see §7B1.4(a))* — 3-9 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Savion Jackson-Spencer

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($) _____    Home Detention _____

    Other _____    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Case 3:21-cr-00052    Document 62    Filed 11/12/25    Page 9 of 9 PageID #: 202